In the Matter of the Application of THE GLENSIDE WOOLEN MILLS to Lay Out a Highway in the Town of Skaneateles, New York.

THE GLENSIDE WOOLEN MILLS, Respondent; JOHN K. DOYLE and Others, Appellants.

*Highway Law — review of a decision of highway commissioners is to be instituted, not heard, within thirty days — stipulation to correct an order, not an estoppel on an appeal therefrom — Laws 1890, chap. 568, § 89.*

The provisions of a statute, which limit in point of time the right to move for a new trial, or to take an appeal, are to be construed in favor of the party desiring a review.

The purpose of section 89 of the Highway Law, relative to appeals, was to allow interested parties, who desired to apply to the court for an order vacating or modifying the decision of the commissioners appointed in a proceeding to determine upon the necessity of a proposed highway and to assess damages, the period of thirty days within which to institute the application or motion. It was not the purpose of the section to require the application or motion to be actually made or heard in court within that time.

Where a subsequent order is entered upon a stipulation, its purpose being to correct a former order so as to make it conform to the facts, and show that a motion was not decided upon the merits, the stipulation in no manner estops a party who deems himself aggrieved by the order from appealing therefrom.

Where the County Court holds that a motion or application is made too late, and refuses to pass upon the merits of the matter, the order dismissing the application is appealable to the General Term.

APPEAL by John K. Doyle and others from an order of the County Court of the county of Onondaga, entered in the office of the clerk of the county of Onondaga on the 1st day of May, 1895, dismissing their motion to vacate, set aside or modify the report of commissioners theretofore appointed in the proceeding.

*M. E. Driscoll,* for the appellants.

*Charles R. Milford,* for the respondent.

PER CURIAM:

This is an appeal from an order denying the appellants' motion to set aside the report of commissioners appointed under the Highway Law to determine upon the necessity of a proposed highway in the town of Skaneateles, and to assess the damages by reason of laying out and opening the same. The commissioners determined that the

highway was necessary, and that none of the persons through whose land it was proposed to be laid was entitled to any damages therefor.

The report or decision of the commissioners was made March 14, 1894, filed in the office of the clerk of the town of Skaneateles March 15, 1894, and in the office of the clerk of Onondaga county March 16, 1894. Within thirty days from the time of the filing of the petition in the town clerk's office, and on the 14th day of April, 1894, the appellants served upon the attorney for the petitioner a notice that on the affidavits accompanying it, a motion would be made on the twenty-seventh of the same month at ten o'clock, before the court appointing such commissioners, for an order vacating and setting aside their report or decision. On that day the parties appeared before the court, whereupon the attorney for the respondent objected to the hearing of the motion on the ground that it was not made within thirty days after the filing of such report or decision, as required by section 89 of chapter 568, Laws of 1890, and the court, without passing upon the merits, sustained the objection and denied the appellants' application, with fifteen dollars costs. This order was entered June 25, 1894.

On the thirteenth of the following month the appellants appealed to the General Term of this court. Upon an application made to the County Court on the stipulation of the parties, May 1, 1895, the order entered June 25, 1894, was vacated and set aside, and another order was entered in its place and stead whereby it was ordered and adjudged that the preliminary objection interposed to the hearing of the motion or application to vacate the report or decision, be sustained and the motion be dismissed, with fifteen dollars costs. From the last order the appellants appealed to this court May 28, 1895.

The first and only question relating to the merits of this appeal is whether under section 89 the appellants' motion to vacate the report or decision of the commissioners was in time. So far as material to this question that section provides : " Within thirty days after the decision of the commissioners shall have been filed in the town clerk's office any party interested in the proceeding may apply to the court appointing the commissioners for an order confirming, vacating or modifying their decision, and such court may confirm,

vacate or modify such decision. If the decision be vacated the court may order another hearing of the matter before the same or other commissioners. If no such motion is made, the decision of the commissioners shall be deemed final. Such motion shall be brought on, upon the service of papers upon adverse parties in the proceeding, according to the usual practice of the court in actions and special proceedings pending therein, and the decision of the County Court shall be final, excepting that a new hearing may be ordered, as herein provided."

The contention of the respondent is that, inasmuch as the motion was not actually brought to a hearing before the court within thirty days after the decision was filed, it had no power to hear it, and that under the statute the decision of the commissioners became final, citing several lexigraphic definitions of the word "motion" as sustaining that contention.

Thus the question presented is whether this statute should be construed as requiring an actual hearing of the application before the court within thirty days after the decision, or as requiring the party seeking to vacate or modify such decision, within thirty days to inaugurate the application or motion by the service upon the adverse parties of the papers required to be served, as the basis of such motion or application.

That provisions of a statute which limit in point of time the right to move for a new trial, or to take an appeal, are to be construed in favor of the party desiring a review, is a well-established principle of the law relating to the construction of statutes. (Sutherland on Stat. Const. § 369, and cases cited in notes.) Applying this rule to the statute under consideration, we are led to the conclusion that its purpose was to allow persons interested in the proceeding, who desired to apply for an order vacating or modifying the decision, thirty days within which to institute the application or motion, and that it was not its purpose to require the application to be actually heard or made in court within that time. If the respondent's contention were to be upheld, and the statute construed as requiring an actual application in court within thirty days, it might often result in great hardship to the party applying for such an order, and actually prevent him from availing himself of the remedy provided for, without any fault or neglect upon his part. On the other hand, if the

construction which we have placed upon this statute prevails, it will result in no injury to the opposing party, and will permit one who seeks to avail himself of this provision a certain opportunity to do so. We are of the opinion that the learned County Court erred in dismissing the appellants' application, and that the order should be reversed.

We think the respondent's claim, that the order appealed from was entered in pursuance of a stipulation which would prevent the appellants from appealing therefrom; cannot be sustained. It is manifest that the purpose of the stipulation was to aid the appellants on an appeal by correcting the order, so as to make it conform to the facts, show the actual determination made by the County Court, and that it did not decide the question upon the merits. Under such circumstances it should not, we think, be held that this order was so far entered by consent as to prevent the appellants from prosecuting their appeal. Indeed, there is no pretense that the appellants consented to the order. They were vigorously opposing it. The stipulation was for the purpose of correcting the order so that it should state truthfully the effect of the decision of the learned County Court.

The court having erroneously held that the motion or application was not made in time, and, having refused to pass upon the merits, the order dismissing the application was, we think, appealable to this court. (*Matter of City of Buffalo*, 64 N. Y. 547.)

The order appealed from must be reversed with ten dollars costs and disbursements, and the proceeding remitted to the Onondaga County Court to the end that the appellants' motion may be considered and decided upon the merits.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Order appealed from reversed with ten dollars costs and disbursements and proceeding remitted to the Onondaga County Court to the end that the appellants' motion may be considered and decided upon the merits.