(85 App. Div. 221.)

## In re THOMSON.

(Supreme Court, Appellate Division, Third Department.   June 30, 1903.)

1. LAYING OUT HIGHWAY—VACATING DECISION OF COMMISSIONERS.
   Laws 1890, p. 1194, c. 568, § 89, providing that, within 30 days after filing of the decision of commissioners in proceedings to lay out a highway, any party interested may apply to the court for an order vacating this decision, such motion to be brought on, on the service of papers on adverse parties, according to the usual practice of the court in actions and special proceedings, does not require the motion to be brought on for hearing in the 30 days.  Notice of motion in that period, returnable beyond it, is enough.

Appeal from Warren County Court.

In the matter of the application of Lewis Thomson to lay out a public highway in the town of Warrensburgh, Warren county.   From an order denying the motion of Jennie Summerville and another, landowners, to set aside the decision of the commissioner, and denying their request that their motion be heard on its merits, they appeal.   Reversed.

Argued before PARKER, P. J., and SMITH, HOUGHTON, CHASE, and CHESTER, JJ.

John H. Cunningham, for appellants.
Aldrich & Crandall and J. A. Kellogg, for respondent.

HOUGHTON, J.   The appellants were owners of lands through which, by proceedings under the statute, it was sought to lay out a highway.   Commissioners were appointed by the County Court, and made their decision laying out the highway through appellants' lands, and assessing damages therefor, which report was filed in the town clerk's office of the town of Warrensburgh on the 26th day of January, 1903.   On the 23d day of February, 1903 (being within 30 days from the filing of said report), the appellants served upon all adverse parties notice of a motion to vacate and set aside the decision of the commissioners, returnable before the Warren county court on the 9th day of March, 1903.   On the coming on of said motion before the county court, the preliminary objection was made that the motion should have been made returnable within the 30 days from the date of the filing of the decision of the commissioners prescribed by section 89 of the highway law (Laws 1890, p. 1194, c. 568), and that service of a notice within the 30 days for hearing on a day beyond the period was ineffectual, and did not entitle the appellants to be heard upon the merits.   The court sustained this preliminary objection, and refused to allow the appellants to be heard upon the merits.   We think that the learned county judge erred in refusing to hear the motion upon the merits, and that the order must be reversed.

Section 89 of the highway law provides that, within 30 days after the decision of the commissioners shall have been filed in the town clerk's office, any party interested in the proceeding may apply to the court, if in session, or to the county judge appointing the commissioners, for an order confirming, vacating, or modifying their deci-

sion, and that, if no such motion is made, the decision of the commissioners shall be final. The section further provides that such motion shall be brought on upon the service of papers upon adverse parties in the proceeding, according to the usual practice of the court in actions and special proceedings pending therein. It is too narrow an interpretation of these provisions to hold that the motion upon the decision of the commissioners must be brought on for hearing within the 30 days. A party aggrieved by the determination of the commissioners, or one interested in procuring the confirmation of the report, might be deprived of his right to move to vacate or to confirm, if the rule were otherwise. The application can be made to the court, if in session. In rural counties, terms of the county court are not frequent; and it might easily occur that no appointed term would fall within the 30 days, so as to allow proper service of the notice of motion. If a party were required to make his notice returnable within the 30 days, he might, by reason of sickness or absence of the county judge, be unable to obtain from him the designation of a day for which he could notice, and would thereby be wholly deprived of any hearing in the matter. Service of the notice to confirm or vacate within the 30 days from the filing of the decision, returnable on a day beyond the period, is clearly sufficient. If any authority is needed, however, for the construction which we think should be placed upon the section, it is found in the Matter of Glenside Woolen Mills, 92 Hun, 188, 36 N. Y. Supp. 593, where it is expressly held that a notice of motion within the 30 days, returnable beyond that period, is good, and entitles the moving party to be heard upon the merits.

The respondent urges that such a construction might unreasonably delay the laying out of a highway, for the notice might be made returnable many months in the future. It is a sufficient answer to this criticism that the County Court would have the matter in control, and, by order to show cause, could undoubtedly compel a hearing within a reasonable time. In the present proceeding, however, no such situation appears, for, so far as is disclosed, the motion was made returnable at the first term of the County Court appointed to be held after the giving of the notice.

Upon the denial of the appellants' motion, and refusal to hear it because not made in time, the County Court granted an order confirming the decision of the commissioners as to laying out a portion of said highway through a cultivated garden; and at the March term of this court the highway commissioners moved, under section 90 of the highway law, that this court confirm such order of the County Court. That motion has been held in abeyance until the hearing and determination of the present appeal. The reversal of the order appealed from makes it proper to deny this motion for confirmation of the last order of the County Court at the present time, and to direct that the same be vacated and set aside, to the end that the County Court may hear the main motion of appellants upon the merits; and, in case the same shall be decided against appellants' contention, the commissioner of highways may then apply to the County Court and this court for such order without prejudice.

The order appealed from is reversed, with $10 costs and disbursements, and the proceeding is remitted to the Warren County Court for the hearing of appellants' motion upon the merits; and the motion of Shepard F. Smith, commissioner of highways of the town of Warrensburgh, to affirm the order of confirmation of the County Court as to that portion of the highway running through cultivated gardens is denied, without costs, and the same is vacated and set aside, without prejudice to renewal in case the report of the commissioners laying out said highway shall be finally confirmed by the County Court. All concur.